# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **RALPH B. HANAHAN** as attorney-in-fact for Grey M. Geissler under Durable Power of Attorney dated November 29, 2006; as the Manager of Salt Creek Investments, LLC, Conch Point, LLC, and Lyttleton Street, LLC as Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005, as amended, merged, and re-stated, and as Trustee of the Grey M. Geissler Trust dated February 12, 2007; **GREY M. GEISSLER**, individually, as beneficiary and former Trustee of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended, and on behalf of the remainder beneficiary and the Successor Trustee(s) of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended and of its Marital and Family Trusts; as income beneficiary and former Trustee of the Marital Trust created under Article IX of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended; as income beneficiary and former Trustee of the Family Trust created under Article X of The Rudolph Geissler, Jr. Trust dated April 6, 1999, as amended; as the income and principal beneficiary and as the Settlor and Trustee of The Grey Rhett Geissler Trust dated January 25, 2003; as Settlor and former Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended, merged, and re-stated; as beneficiary of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended merged, and re-stated; as Settlor of The Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005, as Settlor of The Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006; and, as named insured in those certain policies of life insurance issued by John Hancock Life Insurance Company, Inc., (USA). | C.A. No.: 9:07 cv 2715-PMD<br><br>**ORDER** |

|  |  |
|---|---|
| Plaintiffs, | ) |
| vs. | ) |
|  | ) |
| **JOHN HANCOCK LIFE INSURANCE COMPANY, INC., (USA),** **JEFFERY COVELLI, BRIAN KREIDER**, **SIGNATOR INSURANCE AGENCY**, **HAYNES BROKERAGE GROUP**, **WILLIAM M. RHETT, JR.** individually, as fiduciary for Grey M. Geissler, as the former Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended, as former Attorney-in-Fact and Fiduciary under General Durable Power of Attorney for Grey M. Geissler, as the present or former Manager and/or Agent of Salt Creek Investments, LLC, Conch Point LLC, and of Lyttleton Street, LLC; De facto Trustee of the Rudolph Geissler, Jr. Trusts; as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005; and as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006; **NANCY RHETT**, individually, as De facto Trustee of the Rudolph Geissler, Jr. Trust, as Financial Manager of Salt Creek Investments LLC, and as a fiduciary for Grey M. Geissler as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005; as beneficiary of the Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006; and as De facto Trustee of The Grey M. Geissler Trust Agreement dated July 5, 2005 as amended; **DOUGLAS S. DELANEY**, individually and as former Trustee of The Grey M. Geissler Irrevocable Trust Agreement dated December 19, 2005; as Trustee of The Grey M. Geissler Irrevocable Trust Agreement II dated February 27, 2006, as De facto Trustee of the Rudolph Geissler, Jr. Trust; as attorney for The Rudolph Geissler, Jr. Trust, Grey M. Geissler, Salt Creek | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

|  |  |
|---|---|
| Investments, LLC, Conch Point, LLC, | ) |
| Lyttleton Street, LLC, William M. Rhett, | ) |
| Jr., and Nancy Rhett; and | ) |
| **DOUGLAS S. DELANEY, P.A.;** | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court on Plaintiffs' and Defendants' Cross Motions for Sanctions. For the reasons set forth herein, both Plaintiffs' and Defendants' Motions for Sanctions are denied.

## **BACKGROUND**

Plaintiffs Ralph B. Hanahan ("Hanahan") and Grey M. Geissler ("Geissler"), both citizens of South Carolina, filed an amended complaint in the Court of Common Pleas for Beaufort County on March 2, 2007. (Pls.' Ex. A.) This amended complaint commenced an action against, among others, William M. Rhett, Jr. and Nancy Rhett (collectively, "the Rhetts"), Geissler's son and daughter-in-law.

The complaint alleged fourteen separate causes of action against Defendants stemming from their alleged participation in a scheme of wrongful conversion of certain property belonging to Geissler, an 88 year-old widow, including trusts set up for Geissler's benefit, as well as the wrongful procurement of a life insurance policy on Geissler. (Pls.' Ex. A.)

On March 2, 2007, the state court entered a Consent Order that codified a settlement agreement between the Plaintiffs and the Rhetts. This Consent Order, entitled "Covenant Not To Execute and Agreement," stipulated that so long as the Rhetts complied with certain provisions of the agreement, Plaintiffs agreed to release the Rhetts from any liability they may face in the action. (Pls.' Ex. I.)

On August 6, 2007, the Defendants filed a Notice of Removal with this court, asserting that complete diversity now existed between the parties, and this court had jurisdiction under 28 U.S.C.

§§ 1332, 1441, and 1446.  On August 30, Plaintiffs filed a Motion to Remand, claiming that the Rhetts (who were the only remaining South Carolina defendants) had made material misrepresentations and not honored their obligations under the Consent Order, and thus were still parties to this action, which would defeat diversity jurisdiction.  On October 12, the court issued an order holding that the Consent Order rendered the Rhetts nominal parties to the action, and consequently denied Plaintiffs' Motion to Remand.

On October 2, Plaintiffs filed a Motion for Sanctions with the court, requesting that the court impose a monetary penalty on the Rhetts.  The Rhetts responded on October 9 with a Motion for Sanctions of their own, requesting that the court impose a monetary penalty on the Plaintiffs.  On October 16, Plaintiffs filed both an additional Response in Support of their original Motion for Sanctions and a separate Response in Opposition to the Rhetts' Motion for Sanctions.

One of the conditions of the Consent Order was that the Rhetts refrain from contacting Geissler, especially with regard to any financial matters.[1]  Plaintiffs have alleged that despite this Consent Order, William Rhett contacted Geissler, currently residing in a nursing home, by telephone, and also with a note, attempting to discuss financial matters relating to the mortgage on her home.  (Pls.' Supp. Mem. at 3.)  Plaintiffs are not able to produce this note for the court.  As evidence, the Plaintiffs have produced an affidavit by Geissler which makes no mention of any note, and instead claims "I told my family members about the conversation that I had on the phone with

---

[1] The Consent Order provides that the Rhetts are prohibited from "[i]nitiating or continuing any contact or communication with Plaintiffs directly or indirectly, in person, through an agent or family member, in writing, or by electronic, telephonic or any other means." (Consent Order at 11.)  The Order further provides that the Rhetts are prohibited from "[d]iscussing with, or exercising any influence upon, Grey M. Geissler with respect to any financial matters, gifts, inheritances, estate planning, or estate planning documents, whether directly or indirectly, in person, through an agent or family member, in writing, or by electronic, telephonic or any other means."  *Id*. at 11-12.

my son William Rhett concerning the mortgage on my home." (Geissler Aff. at 1.) Plaintiffs also produce an affidavit by Henry Mishew, Geissler's brother, who claims that Geissler told him that she had a telephone conversation with William Rhett concerning the mortgage on her home. (Minshew Aff. at 1.) Finally, Plaintiffs produce an affidavit by Hanahan, Geissler's brother and attorney, in which Hanahan claims that Geissler told him that she had a telephone conversation with William Rhett and received a note from him concerning the mortgage. (Hanahan Aff. at 1.)

For their part, the Rhetts claim that "[t]he Plaintiffs and their counsel have engaged in systematic harassment and persecution of the Rhetts, which was taken the form of frivolous filings, false and improper affidavits and baseless allegations, including the Plaintiffs' Motion itself." (Defs.' Mot. at 3.) They also provide an affidavit from William Rhett, in which Rhett states "I haven't communicated with Grey Geissler in any fashion since March 2, 2007, nor have I asked anyone else to communicate with her on my behalf, nor do I intend to ever speak to Gray Geissler again." (Rhett Aff. at 3.)

## ANALYSIS

The court has the equitable power to sanction parties and attorneys who fail to follow injunctive orders under Rule 65(d). *See, e.g.*, *Equal Employment Opportunity Com'n v. International Longshoremen's Assoc.*, 541 F.2d 1062 (1976). The court may also sanction parties under Rule 11 where they make a legal argument which has "absolutely no chance of success under the existing precedent." *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998).

As an initial matter, the court notes that the affidavits of Minshew and Hanahan offer extremely little, if any, evidentiary information in this matter. According to the affidavits, the only basis for both men's knowledge of the alleged contact between Geissler and William Rhett was conversations that they had with Geissler. This has no evidentiary bearing on whether or not Rhett

actually contacted Geissler–it only shows that Geissler was telling people that Rhett had contacted her.

What the court is left with, then, is Geissler's claim that Rhett contacted her, and Rhett's claim that he did not. This is an archetypical "he said, she said" situation. Neither side has produced any firm, objective evidence to support their claim. As the court lacks the power to discern which side is telling the truth, it will not order sanctions against Rhett for allegedly contacting Geissler. To order sanctions in a case such as this, where neither side has produced any actual evidence of inappropriate behavior, would render Rule 65(d) little more than a tool for opposing parties in litigation to take out petty vengeances upon one another, with the court relegated to the role of the feckless referee of a professional wrestling match. Accordingly, Plaintiffs' Motion for Sanctions is denied.

The Rhetts' claim for sanctions based on Plaintiffs' "phony and baseless accusations" is equally meritorious. (Defs.' Mem. at 6.) The Defendants' Motion for Sanctions and Memorandum in Support Thereof portrays the entire lawsuit against the Rhetts as being a baseless, "cynical enterprise" against a son who was merely trying to help his mother. *Id.* This account is completely at odds with the Consent Order itself, in which the Rhetts agreed to a number of conditions that indicate to the court that they were involved in some sort of wrongdoing.[2] Regardless, the fact that

---

[2] In the Consent Order, the Rhetts agreed to:

1. Evict Edwin and Cindy Lu Crowder from a certain property owned by Geissler. (Consent Order ¶ 4.)
2. Resign all positions and interest in three different LLCs. *Id.* ¶ 5-6.
3. Deliver all monies or financial instruments belonging to Geissler or Geissler's trust to Plaintiffs' attorneys. *Id.* ¶ 9.
4. Terminate an allegedly fraudulent life insurance policy which had been obtained on Geissler's life. *Id.* ¶ 10; 12.
5. Forfeit all interest in any trusts related to Geissler. *Id.* ¶ 11.
6. Cooperate fully and truthfully with Plaintiffs in case against other defendants. *Id.*

there is an affidavit that William Rhett violated the clear terms of the Consent Order render the Plaintiffs' Motion for Sanctions not so extremely frivolous as to warrant sanctions. Furthermore, Defendants' claims that this somehow fits into an overall pattern of litigious harassment is completely unsupported by the record. Consequently, the court also denies Defendants' Motion for Sanctions.

The court also emphasizes to both parties and their attorneys that it is not an arbiter of all squabbles between the parties. Where the conflict is among family, as is true of the present case, the tensions are no doubt heightened, but that does not change the fact that court intervention should be viewed as the last, not first, course of action, and should be reserved for only the most grievous actions, which was certainly not the case here.

## CONCLUSION

It is, therefore **ORDERED**, for the foregoing reasons, that Plaintiffs' Motion for Sanctions is **DENIED**. Defendants' Motions for Sanctions is also **DENIED.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 5, 2007**

---

¶ 13.
7.   Conduct an accounting as to all finances withdrawn from Geissler's accounts and trusts, and to repay all such moneys to Geissler with interest. *Id.* ¶ 14.